# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7162 | **DATE** | 7/11/2002 |
| **CASE TITLE** | Harris Trust and Savings Bank vs. GMAC Business Credit, LLC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Harris Trust's Motion to dismiss the second and third counterclaims and Banca Natzional Del Lavoro''s motion to dismiss the second counterclaim.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum Opinion and Order, Harris Trust's and Banca Nazional Del Lavoro's motion to dismiss count II of the counterclaim is DENIED [14-1, 15-1]. Harris Trust's motion to dismiss Count III is granted [15-1]. The defendants have ten (10) days from the date of this order to amend their complaint and plead the elements of fraud and/or promissory estoppel with sufficient particularity.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 15 2002 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) courtroom deputy's initials | 02 JUL 15 PM 6:03 FILED-ED 10 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HARRIS TRUST AND SAVINGS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 7162 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| GMAC BUSINESS CREDIT, LLC, ) | |
| AMERCORD, INC., AND BANCA ) | |
| NATIONALE DEL LAVORO, S.P.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Harris Trust and Savings Bank ("Harris") filed this suit against GMAC Business Credit, L.L.C. ("GMAC"), Amercord, Inc. ("Amercord"), and Banca Nazional Del Lavoro, S.P.A. ("BNL") seeking a declaratory judgment that Harris has no obligation to honor its confirmation to Amercord of a letter of credit issued by BNL (the "Letter of Credit") or, if Harris is obligated to honor the Letter of Credit, that BNL must reimburse Harris. GMAC and Amercord responded with a three-count counterclaim. Before this court are motions to dismiss by Harris and BNL: Harris seeking dismissal of the second and third counterclaims, and BNL seeking dismissal only of the second counterclaim. For the reasons set forth below, Harris' and BNL's motion to dismiss the second counterclaim is denied. Harris' motion to dismiss the third counterclaim is granted.



**Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Such a motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Delgado v. Jones, 282 F.3d 511, 515 (7th Cir. 2002). In ruling on the motion to dismiss, this Court not only accepts as true all well-pleaded factual allegations in the complaint, but it also draws all reasonable inferences from those facts in favor of the plaintiff. First Ins. Funding Corp. v. Fed. Ins. Co., 284 F.3d 799, 804 (7th Cir. 2002) (citing Tobin for Governor v. Ill. State Bd. of Elections, 268 F.3d 517, 521 (7th Cir. 2001)). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts that sufficiently set forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

**Factual Background**

The following facts are taken from the counterclaim, which is the subject of the motion to dismiss. Amercord entered into a subcontract with GCR Engineering S.P.A. ("GCR"), an Italian company, prior to January 23, 2001. The subcontract relates to a contract between GCR and a Chinese company regarding the operations of a tire production plant. The subcontract called for Amercord to transfer its special know-how in the field of tire steel coil production to GCR and to train the personnel of GCR's customers in China. The subcontract called for a series of separate payments to be made as Amercord met its sequential obligations under the subcontract. Under the subcontract, of the total amount of $600,000.00 to be paid for the know-how, 75 percent, or

$450,000, was due on delivery of the know-how documents. The Letter of Credit at issue here relates to the $450,000 payment.

Amercord invoiced GCR on January 10, 2001 for the technology and know-how agreement (the "GCR Invoice"). On or about January 23, 2001, BNL issued a letter of credit, BNL Reference No. 34038CR4360 and Harris Reference No. AA90004851, on behalf of GCR for the benefit of Amercord in the amount of $523,200 (the "Letter of Credit"). Harris was designated as an advising bank in the transaction. On March 29, 2001, the Letter of Credit was amended, reducing the amount due to $450,000.

Amercord sought to use the GCR Invoice as collateral to secure additional credit from GMAC. GMAC agreed to accept the GCR Invoice, but demanded a number of changes to the Letter of Credit, such as requiring Harris to be a confirming, not an advising, bank. Moreover, GMAC made clear that the Letter of Credit needed to be payable upon delivery of the know-how documents. GMAC contacted Harris numerous times, including through a telephone conversation with Ms. Sook Ghoi, to discuss and verify these requirements. Harris employees never contested the requests of GMAC and they amended the Letter of Credit accordingly on or about April 4, 2001. Harris' reference number for the Letter of Credit, as amended, was No. AC90004851.

In its final form, the Letter of Credit required Amercord to present Harris with manually-signed commercial invoice in two folds issued after March 29, 2001 and a statement issued "by the applicant with its official CHOP and signed in original" in order to demand payment. Upon acceptance of that presentation, Harris was obligated to pay Amercord ninety (90) days from the invoice date.

On April 30, 2001, Harris received from Amercord a letter dated April 27, 2001 transmitting documents confirming delivery of the know-how documentation. Harris forwarded this documentation to BNL certifying that all the terms and conditions of the Letters of Credit had been complied with. On or about May 16, 2001, Harris received a Swift message from BNL dated May 15, 2001 (the "May 16 Message") in which BNL notified Harris that the documentation presented by Amercord was accepted with a maturity (payment date) of June 28, 2201. The May 16 Message also indicated that BNL's New York office would reimburse Harris.

By letter dated May 31, 2001, Amercord wrote to GCR and notified GCR that, due to financial constraints, Amercord might not be able to complete the subcontract. On June 19, 2001, GCR sent a registered letter to Amercord in which GCR purported to rescind the subcontract. A copy of this letter was sent to BNL by GCR with instructions not to pay the $450,000 installment. On or about June 22, 2001, BNL sent to Harris a Swift message in which BNL, among other things, reported (i) that Amercord had declared it was unable to fulfill its contractual obligations and (ii) that GCR had rescinded its contract with Amercord. The message also advised Harris not to pay the Letter of Credit at its maturity.

On June 22, 2001, GCR obtained from the Civil Tribunal of Milan (the "Italian Court") and ex parte restraining order, which ordered BNL to refrain from making the $450,000 Letter of Credit Payment. The Italian Court recited a number of the foregoing facts and stated that "an abuse of the status of creditor by Amercord, Inc. may well exist since Amercord, Inc. requested payment of the second invoice at a time, on March 30, 2001, in which it must be held that it was already aware of its difficulty in completing the contract with GCR (the letter advising GCR of

the latter circumstance actually bears the slightly later date of May 31, 2001)." The Italian Court cited no other evidence in support of its conclusion.

On or about July 2, 2001, Harris sent a letter to Amercord which stated that Harris had been advised by BNL and GCR that Harris' honor of the Letter of Credit on June 28, 2001 would facilitate a "material fraud" on either, or both, BNL or GCR. Faced with the prospect of not being reimbursed by BNL, Harris refused to honor the Letter of Credit and filed this action.

**Discussion**

The second claim for relief in GMAC's and Amercord's counterclaim is for Breach of the duty of good faith and for sanctions against Harris and BNL. Harris and BNL both move to dismiss the counterclaim for failure to state a claim upon which relief may be granted because Illinois courts do not recognize breach of the duty of good faith as an independent cause of action. Voyles v. Sandia Mortgage Corporation, 196 Ill.2d 288, 298 (Ill. 2001). GMAC and Amercord urge this court not to dismiss the second claim for relief because even though it is entitled Breach of duty of good faith, it states a claim for wrongful dishonor, which is recognized under Illinois law. Fanslow v. Norther Trust Co., 299 Ill.App.3d 21, 31-32 (Ill. App. Ct. 1998) (analyzing a wrongful dishonor claim). In the second claim for relief GMAC and Amercord clearly allege that "Harris and/or BNL have wrongfully refused to honor the Letter of Credit due to claims and purported legal actions taken by GCR with respect to the contract underlying the Letter of Credit." Thus, the facts alleged in the second claim for relief state a claim for wrongful dishonor. This Court is unconvinced that GMAC and Amercord cannot prove any facts that would support their claim for wrongful dishonor. Accordingly, Harris' and BNL's motion to dismiss Count II of the Counterclaim is denied.

The third claim for relief in GMAC and Amercord's counterclaim is for fraud. Harris moves to dismiss the third claim for relief because the claim is not stated with sufficient particularity. Fed. R. Civ. P. 9(b) requires a party to state allegations and the circumstances constituting a fraud with particularity. Harris argues that GMAC and Amercord have not properly pleaded the who, what, where, when and how of the alleged fraud perpetrated by Harris. See DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). The underlying purpose of Rule 9(b) "is to ensure that the party accused of fraud, a matter implying some degree of moral turpitude and often involving a 'wide variety of potential conduct,' is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." Lachmund v. ADM Investor Services, 191 F.3d 777 (7th Cir. 1999). Thus, the plaintiff must state 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. Jepson, Inc. v. Makita Corp., 34 F.3d 1321 (7th Cir. 1994).

The court finds that the allegations of fraud in count three have not been plead with sufficient particularity as required by Rule 9(b). Defendant simply states in count three that the defendant relied on plaintiff's representation that it was acting as confirming bank and acknowledged that the Letter of Credit related specifically to Amercord's delivery of certain manuals to GCR. The counterclaim does not clearly set forth the defendant's theory of fraud and requires a number of assumptions. At this juncture, the court is not confident that the fraud claim is anything more than a fishing expedition on the part of the defendants. Accordingly, plaintiff's motion to dismiss in relation to count three is granted. The court will, however, treat plaintiff's

motion as that for a more definite statement under Fed. R. Civ. P. 12(e) and grant defendants ten days within which to file an amended complaint, pleading the elements of fraud and/or promissory estoppel with sufficient particularity.[1] The amended complaint should contain the who, what, where, when and how of the alleged fraud

**Conclusion**

For the foregoing reasons, Harris' and BNL's motion to dismiss Count II of the counterclaim is DENIED. Harris' motion to dismiss Count III is GRANTED. The defendants have ten (10) days from the date of this order to amend their complaint and plead the elements of fraud and/or promissory estoppel with sufficient particularity.

Enter:

_____
David H. Coar
United States District Judge

Dated: July 11, 2002

---

[1] The third counterclaim is entitled "Fraud/Misrepresentation Estoppel Against Harris." In its response brief, defendants argue that even if the court determines that the fraud claim has not been plead with sufficient specificity, the court should not dismiss its promissory estoppel claim. In its reply brief, plaintiff argues that the defendants have not alleged any of the elements of promissory estoppel and that claim should be dismissed as well. The court will treat the promissory estoppel claim in the same manner as the fraud claim and allow the defendant to amend the pleading to make a more definite statement.